Robert J. LAJOIE, et al.

v.

CONNECTICUT STATE BOARD OF LABOR RELATIONS, et al.

Ann Kennedy ST. GEORGE

v.

Edwin S. MAK, et al.

Louis A. LEWIS

v.

Edwin S. MAK, et al.

Civ. Nos. 2:92–1035 (JAC), 5:92–587 (JAC) and 5:92–593 (JAC).

United States District Court, D. Connecticut.

Aug. 26, 1994.

Anthony F. Slez, Jr., Margaret J. Slez, Westport, CT, for plaintiffs in all cases.

Kevin F. Boyle, Bridgeport, CT, for plaintiff Lajoie.

Ronald D. Japha, Gordon & Scalo, Bridgeport, CT, for defendant Mak.

James A. Wade, Craig A. Raabe, Robinson & Cole, Hartford, CT, for defendant Rioux.

Michael A. Georgetti, Hartford, CT, for defendant Lucca.

David L. Gussak, Kate W. Haakonsen, Krass Jacobson & Gussak, Hartford, CT, for defendant Tremont.

Joseph Dimyan, Pinney Payne VanLenten, Lee Farm Corp. Park, Danbury, CT, for defendant Delsin.

Henry Lyons, III, Fairfield, CT, for defendant Dunham, Ingeme & Tingley.

### RULING ON PENDING MOTIONS

JOSÉ A. CABRANES, Circuit Judge:*

The question presented is whether the Attorney General of the State of Connecticut ("Attorney General")—who has been permitted to withdraw from these actions as counsel for the defendants, High Sheriffs and Special Deputy Sheriffs of the State of Connecticut—is now required to pay for the representation of those defendants who are High Sheriffs by new, substitute counsel.

### BACKGROUND

On February 28, 1994, after the Attorney General moved pursuant to Conn.Gen.Stat. § 5–141d(b)[1] to withdraw as counsel for the defendants in these actions, this court, at a hearing held in open court and on the record, referred the matter to Senior United States District Judge Ellen Bree Burns.[2] This court also stayed the cases until the issues involving the representation of the defendants were resolved. On that same date, Judge Burns granted the motions to withdraw, after a hearing held in chambers and in the absence of plaintiffs' counsel.

The defendants next argued—Judge Burns' order notwithstanding—that the Attorney General was required to pay for the representation of the defendants by new, substitute private counsel. With regard to all of the defendants except Fairfield County High Sheriff Alfred J. Rioux and Hartford County High Sheriff Edwin S. Mak, the matter was again referred to Judge Burns. On April 14, 1994, Judge Burns denied the defendants' request for indemnification, without prejudice to litigation of the matter in state court. This court retained the claims of the defendants Rioux and Mak inasmuch as the issue thereby presented concerns the nature of the state's obligation to the High Sheriffs in general and not the facts or circumstances

---

* Of the United States Court of Appeals for the Second Circuit, sitting by designation.

1. This provision provides, in pertinent part, that [t]he state, through the [A]ttorney [G]eneral, shall provide for the defense of any ... state officer [or] employee [as defined in Conn.Gen. Stat. § 4–141] in any civil action or proceeding in any state or federal court arising out of any alleged act, omission or deprivation which occurred or is alleged to have occurred while the officer [or] employee ... was acting in the discharge of his duties or in the scope of his employment, *except that the state shall not be required to provide for such a defense whenever the [A]ttorney [G]eneral, based on his investigation of the facts and circumstances of the case, determines that it would be inappropriate to do so....*
(Emphasis supplied).

2. In referring the matter to Judge Burns, this court concluded that the reasons for the Attorney General's request to withdraw, which concerned an asserted conflict of interest between the State of Connecticut and the individual defendants, should not be disclosed to any potential trier of fact in these actions.

of the asserted conflict of interest between the state and the individual defendants here.

Finally, on May 5, 1994, the Attorney General moved to modify his withdrawal from these cases, so that he could continue to represent the defendants to the extent that they were sued in their official—as opposed to their individual—capacities. On May 9, 1994, the court granted these motions, based upon a full review of the record. The defendants now seek reconsideration of the court's May 9, 1994 orders, and the defendants Mak and Rioux seek an order requiring the Attorney General to pay for their representation by new, substitute counsel.

## DISCUSSION

### I.

Based upon a full review of the record, and upon reconsideration, the court hereby vacates its endorsement orders of May 9, 1994, which granted the Attorney General's motion to modify his withdrawal from these actions. As an initial matter, it should be noted that the only remaining claims in these actions are claims for money damages.[3] Such claims must be asserted against the defendants in their individual capacities *only*.

■ Federal claims for money damages against state officials in their official capacities are barred by the Eleventh Amendment to the United States Constitution. *See Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974); Ruling in *Lajoie* at 15; Ruling in *St. George* and *Lewis* at 7 & n. 9. State law damages claims where the state is the real party against whom relief is sought and which would result in a judgment that would operate to control the action of the state or subject it to liability are similarly barred by the Connecticut common law doctrine of sovereign immunity. *See Fetterman v. Univ. of Connecticut*, 192 Conn. 539, 552, 473 A.2d 1176 (1984); *cf. Horton v. Meskill*, 172 Conn. 615, 624–25, 376 A.2d 359 (1977) (state official can be held personally liable only if he is acting unconsti-

tutionally or in excess of statutory authority). In sum, to the extent that the plaintiffs are asserting any claims against the defendants in their *official* capacities, such claims would clearly fail. The plaintiffs can therefore only pursue claims asserted against the defendants in their individual capacities. Accordingly, the Attorney General's request to modify his withdrawal—so that he can continue to represent the defendants to the extent that they are sued in their official capacities—is moot.

■ In any event, the Attorney General could not be permitted to withdraw from this action with regard to certain claims but not for others. Such a partial withdrawal would undoubtedly result in a piecemeal representation of the defendants, which—apart from being inefficient, potentially confusing, and posing a burden on other counsel and the court—would be unfair to the defendants.

Finally, the court is wary of allowing the Attorney General to modify his withdrawal in order to remain a participant in these actions, inasmuch as the original withdrawal was motivated by an asserted conflict of interest and a determination by the Attorney General that his continued representation of the defendants in these actions would be inappropriate.

In sum, the court's May 9, 1994 endorsement orders are hereby vacated, and the Attorney General's appearance on behalf of the defendants in these actions must therefore be completely withdrawn.

### II.

The court now turns to the claim of the defendants Rioux and Mak that the Attorney General is required to pay for their representation in these cases by new, substitute counsel, notwithstanding the fact that the Attorney General has been permitted by Judge Burns to withdraw as counsel. The defendants rely specifically upon Article 4, Section

---

**3.** *See* Ruling on Defendants' Motions to Dismiss (filed Oct. 12, 1993) (doc. # 72) in *Lajoie, et al. v. Connecticut State Board of Labor Relations, et al.,* Civil Action No. 2:92–1035 (JAC) ("Ruling in *Lajoie*"); Ruling on Defendants' Motions for Summary Judgment (filed Dec. 29, 1993) (doc. # 42) in *St. George v. Mak, et al.,* Civil Action No. 5:92–587 (JAC), and *Lewis v. Mak, et al.,* Civil Action No. 5:92–593 (JAC) (consolidated) ("Ruling in *St. George* and *Lewis*").

25 of the Connecticut Constitution, and Conn. Gen.Stat. §§ 9–182 and 3–125.[4]

The defendants also rely on *Commission on Special Revenue v. Freedom of Information Commission,* 174 Conn. 308, 320, 387 A.2d 533 (1978), and 89 Conn.Op.Atty.Gen. 83 (1989) for the proposition that it is the exclusive responsibility of the Attorney General to provide representation for state agencies and officials. Moreover, the defendants emphasize the Attorney General's frequent practice of appointing special counsel to serve in conflict situations such as this one.

In response, the Attorney General makes four principal arguments. The Attorney General first claims that this court should decline, in the exercise of its discretion pursuant to 28 U.S.C. § 1367, to exercise supplemental jurisdiction over the defendants' state law claims for representation and indemnification—which are, in the Attorney General's view, unrelated to the plaintiffs' claims in these cases and which present novel and complex issues of state law.[5] Second, the Attorney General argues that the defendants' claims for representation are, in essence, claims against the State of Connecticut, which are therefore barred by the Eleventh Amendment to the United States Constitution. Third, the Attorney General maintains that, since he is not a party to this action, this court has no power to order the relief sought by the defendants. Finally, the At-

torney General argues that Conn.Gen.Stat. § 3–125 does not apply since the High Sheriffs have been sued in their individual, and not official, capacities. In the Attorney General's view, Conn.Gen.Stat. § 3–125 is also inapplicable inasmuch as the Attorney General has been permitted to withdraw its representation in these actions pursuant to Conn.Gen.Stat. § 5–141d(b)—which provides that the state is not required to represent state officials whenever the Attorney General determines that it would be inappropriate to do so.

■ Based upon a full review of the record, pursuant to 28 U.S.C. § 1367, and in the exercise of the court's discretion, the court hereby declines to exercise supplemental jurisdiction over the defendants' state-law claims for representation and indemnification. The court therefore declines to order the Attorney General to pay for the representation of the defendants High Sheriffs Rioux and Mak in these cases.

As an initial matter, it cannot fairly be said the defendants' claims for representation and indemnification—which are grounded exclusively in state law—are so related to the plaintiffs' federal causes of action (over which the court has original jurisdiction) that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Indeed, the

4. Article 4, Section 25 of the Connecticut Constitution provides that

[s]heriffs shall be elected in the several counties, on the Tuesday after the first Monday of November, 1966, and quadrennially thereafter, for the term of four years, commencing on the first day of June following their election. They shall become bound with sufficient sureties to the treasurer of the state, for the faithful discharge of the duties of their office. They shall be removable by the general assembly. In case the sheriff shall die or resign, or shall be removed from office by the general assembly, the governor may fill the vacancy occasioned thereby, until the same shall be filled by the general assembly.

Conn.Gen.Stat. § 9–182, a related provision, states that "the sheriff of each county shall be elected at the state election in 1966, and quadrennially thereafter, to hold office for the term of four years from the first day of June following his election."

Finally, and most importantly, Conn.Gen.Stat. § 3–125 provides for the representation by the

Attorney General of the High Sheriffs "in all suits and other civil proceedings . . . in which the state is a party or is interested, or in which the official acts and doings of said officers are called into question."

5. 28 U.S.C. § 1367 provides, in relevant part, that

(a) [e]xcept as provided in subsection[ ] . . . (c) . . . , in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. . . .

. . . .

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law. . . .

defendants' claims regarding their representation are in no way directed at the plaintiffs; rather, they are addressed toward the Attorney General, who is not even a party here. In sum, such claims do not appear even tangentially related to the plaintiffs' underlying civil rights claims.

■ Second, even if the defendants' claims were sufficiently related to the plaintiffs' case to trigger 28 U.S.C. § 1367(a), this court would nevertheless decline to exercise jurisdiction pursuant to 28 U.S.C. § 1367(c)(1) inasmuch as the defendants have raised novel and complex issues of state law. The defendants have not brought to the court's attention—and the court is unable to find—any Connecticut state court decisions, or any Connecticut authority whatsoever, which is directly on point. In short, there is no authority to support the defendants' argument that the Attorney General—after having been permitted to withdraw as counsel pursuant to Conn.Gen.Stat. § 5–141d(b)—is now required by Conn.Gen.Stat. § 3–125 to pay for the representation of High Sheriffs by new, substitute private counsel. As the court has previously observed with regard to other issues in this litigation,[6] it therefore appears that this hotly-disputed state law issue—which involves important questions concerning the policy of the state's Attorney General—is without state precedent or direction. For this court to decide such a novel and significant, but as yet unresolved, issue of state law would amount to no more than a mere prediction of subsequent state law developments—"a tentative answer which may be displaced tomorrow by a state adjudication." *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 500, 61 S.Ct. 643, 645, 85 L.Ed. 971 (1941). Under such circumstances, the court declines to hear the defendants' claims.

■ The defendants' reliance on *Commission on Special Revenue v. Freedom of Information Commission*, 174 Conn. 308, 320, 387 A.2d 533 (1978), and 89 Conn.Op.Atty. Gen. 83 (1989)—for the proposition that it is the exclusive responsibility of the Attorney General to provide representation for state

agencies and officials—is misplaced. In those matters, the state defendants were attempting to retain private counsel against the wishes of the Attorney General and it was held that a state agency may not obtain legal services on its own initiative without statutory authorization. Neither matter involved a situation where the Attorney General had been permitted, or even wished, to withdraw as counsel, and neither matter involved Conn.Gen.Stat. § 5–141d(b), which expressly provides that the state is not required to represent official state defendants "whenever the [A]ttorney [G]eneral, based on his investigation of the facts and circumstances of the case, determines that it would be inappropriate to do so."

In sum, it is for the Connecticut courts, and not for this court, to determine precisely how Conn.Gen.Stat. § 3–125 and Conn.Gen. Stat. § 5–141d intersect, and to decide when the state is required by state law to provide for the representation of state agencies or officials.

Finally, assuming *arguendo* that this court should exercise supplemental jurisdiction over the defendants' state law claims for representation, it seems that, as a logical matter, the state should not be required to pay for the representation of state officials or agencies when it has in fact been permitted to withdraw as counsel pursuant to Conn. Gen.Stat. § 5–141d(b). In other words, it appears that the defendants' reading of Conn.Gen.Stat. § 3–125 effectively ignores Conn.Gen.Stat. § 5–141d(b). In this court's view, these provisions should be read in conjunction with one another and, consequently, the Attorney General should be allowed to withdraw from these actions in *all* respects.

This position is actually supported by the Attorney General's opinion in 89 Conn.Op. Atty.Gen. 83, 85 (1989), authority invoked *by the defendants*:

> A state official or employee is entitled to state-financed legal representation only to defend a claim or lawsuit brought against him by a third party under certain circumstances. *See, e.g.,* Conn.Gen.Stat. §§ 5–141d, 10–235. But even in such a case it is

6. *See* Ruling in *Lajoie* at 8–12; Ruling in *St.* *George* and *Lewis* at 16–18.

the Attorney General who determines in advance whether and in what manner the state will provide representation.

In sum, one could persuasively argue not only that the Attorney General has no obligation to pay for the representation of the High Sheriffs under the particular circumstances presented here, but also that the Attorney General's decision in this respect is unreviewable. In any event, this matter is ultimately one for the tribunals and authorities of the state of Connecticut to resolve.

### CONCLUSION

Based upon a full review of the record, and for the reasons stated above, the court hereby declines to exercise supplemental jurisdiction over the defendants' claims for representation and indemnification. The court therefore declines to order the Office of the Attorney General of the State of Connecticut to pay for the representation of the High Sheriffs in these actions by new, substitute counsel.

The stay entered in these actions is hereby lifted. A status conference shall be held on *Tuesday, September 20, 1994, at 2:00 p.m.* in order to ascertain which defendants are in fact now represented by new counsel and to set a schedule for all remaining discovery and pretrial motions. The parties shall submit status reports by no later than *Thursday, September 15, 1994.*

It is so ordered.