Timothy SULLIVAN, et al., Plaintiffs,

v.

**METRO–NORTH RAILROAD CO., et al., Defendants.**

No. CIV.A.3:01–CV–1123(JCH).

United States District Court, D. Connecticut.

Jan. 8, 2002.

Scott E. Perry, Cahill & Goetsch, New Haven, CT, for Plaintiffs.

Brian M. Molinari, Landman Corsi Ballaine & Ford, New York City, Valerie E. Maze, Greenwich, CT, for Defendants.

### RULING ON DEFENDANTS' MOTION TO DISMISS [ DKT. NO. 8]

HALL, District Judge.

In this case, the plaintiff, Timothy Sullivan ("Sullivan"), bring claims against Metro–North Railroad Company ("Metro–North") and the Town of Greenwich, Marcos Madrid and Joseph Roberto ("Town Defendants"), pursuant to the Federal Employer's Liability Act ("FELA"), Connecticut General Statutes § 13a–149 and common law negligence. Sue Ellen Sullivan also brings a claim for loss of consortium. The claims arise out of an incident in which Timothy Sullivan was injured while working for Metro–North.

The Town Defendants bring a motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(1), arguing that this court lacks subject matter jurisdiction over the pendent state law claims brought against these defendants.

Specifically, the defendants argue that 28 U.S.C. § 1367 and Title III do not confer federal jurisdiction over state law claims brought against pendent parties.

For the reasons stated below, the defendants' motion is DENIED.

## I. FACTS

Pursuant to the standard for a Rule 12(b)(1) motion, the court accepts all the facts laid out in the Complaint as true. Defendant Metro–North is a railroad corporation which provides rail service between New York and Connecticut. At the time of the incident which gives rise to this case, Timothy Sullivan was employed by Metro–North as a welder. The Town of Greenwich is a Connecticut municipality. At the time relevant to this case, Marcos Madrid was the Commissioner of Public Works for the Town of Greenwich and responsible for maintaining all public roads and sidewalks. Joseph Roberto was the Superintendent of the Highway Division for the Town of Greenwich and responsible for maintaining public roads and sidewalks.

On or about October 3, 2000, while working on the South Shore Road Railroad Bridge in Greenwich in his capacity as a Metro–North employee, Sullivan walked on the grass on the southeast side of the bridge and he stepped on an improperly secured manhole cover which rotated, causing him to fall. As a result, Sullivan suffered injuries to his groin area, including a laceration of his scrotum and contusions on his leg.

## II. DISCUSSION

### A. Standard of Review

On a motion to dismiss for lack of subject matter jurisdiction, a court must accept all factual allegations in the complaint as true and draw all inferences from those allegations in plaintiff's favor. *Jaghory v. New York State Dept. of Educ.*, 131 F.3d 326, 329 (2d Cir.1997). The court may not dismiss a complaint unless "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitled him to relief." *Id.* Where the existence of subject matter jurisdiction turns on a factual issue, however, the court is permitted to look beyond the complaint itself and may consider evidence outside the pleadings. *United States v. Vazquez*, 145 F.3d 74, 80 (2d Cir.1998); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir.1997). The burden of proving jurisdiction is on the party asserting it. *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir.1996).

### B. Supplemental Jurisdiction

Sullivan has asserted a federal claim against Metro–North and, thus, asserts "federal question jurisdiction" under 28 U.S.C. § 1331. Sullivan pleads only state law claims against the Town Defendants and seeks jurisdiction for these claims under the doctrine of supplemental jurisdiction, pursuant to 28 U.S.C. § 1367. The Town Defendants argue, in support of their motion, that, under 28 U.S.C. § 1367(a), the court does not have jurisdiction over pendent parties as to whom no independent ground of federal jurisdiction exists. Therefore, the court should dismiss the claims against the Town Defendants for lack of jurisdiction. In the alternative, the Town Defendants argue that, even if the court could assert supplemental jurisdiction over such parties, the claims against the Town Defendants are not part of the same case or controversy as the FELA claim asserted against Metro–North and, therefore, the jurisdictional requirements of § 1367(a) are not fulfilled. Finally, the Town Defendants argue that, even if the court finds jurisdiction under

§ 1367(a), the court should decline to exercise jurisdiction under § 1367(c)(1) because the claims against the Town Defendants raise a novel and complex issue of state law.

Supplemental jurisdiction has allowed federal courts to entertain claims over which they have no independent basis for jurisdiction. The main underlying basis for such jurisdiction lies in the interests of judicial efficiency and economy. However, the expansion of such jurisdiction is curbed by the constitutional limits of Article III and the desire to avoid encroachment on state judicial authority.

█ Supplemental jurisdiction was originally a judge-made doctrine and included the related but separate concepts of pendent and ancillary jurisdiction. The term "pendent claim jurisdiction" traditionally described the basis for a court's jurisdiction over a claim for which there was no independent basis for federal jurisdiction but which arose out of a "common nucleus of operative facts" as a claim that fell within the court's jurisdiction. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). "Pendent party jurisdiction" is the extension of pendent jurisdiction over parties who are not named in any claim that is independently cognizable in federal court. *Finley v. United States*, 490 U.S. 545, 549, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989)

Originally an expansive doctrine, in the 1970's the Supreme Court began to limit the use of pendent jurisdiction over additional parties. Specifically, in *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), the Supreme Court held that pendent jurisdiction could not be exercised over a party against whom only a state law claim had been pled. However, the Court limited its holding to cases brought under certain statutory provisions and lower courts continued to permit some forms of pendent party jurisdiction. *See e.g., Weinberger v. Kendrick*, 698 F.2d 61 (2d Cir.1982). However, the Supreme Court removed all avenues to asserting pendent party jurisdiction in its holding in *Finley* that there could be no supplemental jurisdiction over new parties except when Congress has expressly provided for it by statute. 490 U.S. at 556, 109 S.Ct. 2003. The Court indicated that judicial economy could not justify an extension of jurisdiction over parties who were never properly before the court. *Finley*, 490 U.S. at 552–53, 109 S.Ct. 2003.

1. 18 U.S.C. § 1367(a)

█ In 1990, Congress codified the doctrine of supplemental jurisdiction in 28 U.S. § 1367. Subsection (a) of the statute is broad grant of jurisdiction which extends to the limits of Article III and encompasses both ancillary and pendent jurisdiction. 16 James Wm. Moore, et al., *Moore's Federal Practice*, ¶ 106.05 (3d ed.2001). Section 1367(a) states that:

> In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

The last sentence of subsection (a) overrules both *Aldinger* and *Finley* by permitting pendent party jurisdiction in all federal question cases. *Kirschner v. Klemons*, 225 F.3d 227, 239 (2d Cir.2000) ("We have previously observed that 28 U.S.C. § 1367(a) responds to *Finley* and thereby makes pendent party jurisdiction possible where the claim in question arises out of

the same set of facts that give rise to an anchoring federal question claim against another party"); *see also, Greenblatt v. Delta Plumbing & Heating Corp.*, 68 F.3d 561, 576 (2d Cir.1995); *Moore v. Natwest Markets*, 1996 WL 507333, * 2 (S.D.N.Y. 1996); *Wilson v. Roberson*, 1993 WL 119695, *2 (S.D.N.Y.1993). Therefore, supplemental jurisdiction can be exercised over the Town Defendants if the requirements of § 1367(a) are met, namely that the claims form part of the same case or controversy.

■ The court finds in this instance that the state law claims asserted against the Town Defendants are so related to the federal claim against Metro–North that they are part of the same case. All of the claims arise out of a common nucleus of operative facts regarding the accident that Sullivan experienced. While the court recognizes that the liability standards of the various state law claims differ and may require that Sullivan establish some additional facts not related to the FELA claim, the court finds that the core factual allegations are identical for all claims such that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *Gibbs*, 383 U.S. at 725, 86 S.Ct. 1130. The court finds that the case also includes Mrs. Sullivan's claim, despite the fact that she is alleging a separate injury. *See e.g., Arnold v. Kimberly Quality Care Nursing Serv.*, 762 F.Supp. 1182, 1186 (M.D.Pa. 1991) (conduct that cause injury to one under Title VII and loss of consortium to another is the same case or controversy). Therefore, the state and federal claims are part of the same case or controversy and supplemental jurisdiction is required and appropriate under § 1367(a).

2. 18 U.S.C. § 1367(c) Exceptions

Section 1367(c) of Title 28 of the United States Code provides exceptions under which a district court may decline to exercise supplemental jurisdiction over a claim. The Town Defendants argue that the court should decline to exercise jurisdiction in this case pursuant to § 1367(c)(1) because the state law claims raise a novel and complex issue of state law. Specifically, the Town Defendants argue that the claims raise the issue of whether negligence claims can co-exist with the highway defect claim asserted under Conn.Gen. Stat. § 13a–149.

Section 1367(c)(1) allows a court to dismiss a claim supported by supplemental jurisdiction if the claim raises a novel or complex issue of state law. Discretion by a court is often used in this area in cases in which the state law in the area is unsettled. *See e.g., Lajoie v. CT State Bd. of Labor Relations*, 871 F.Supp. 550, 554 (D.Conn.1994). Jurisdiction is also often declined to avoid construction of a state constitutional provision. *See e.g., Young v. New York City Transit Auth.*, 903 F.2d 146, 164 (2d Cir.1990). In addition, district courts have been reluctant to interfere with cases dealing with such issues as state election disputes which are brought under state law. *See e.g., Noble v. White*, 996 F.2d 797, 799–800 (5th Cir.1993).

■ The issue in this case rests on whether negligence claims are barred when the facts involve constitute a violation of the defective highway statute. However, the Connecticut Supreme Court has recently ruled that, when the allegations in a complaint invoke the defective highway statute, that is the exclusive remedy for injuries. *Ferreira v. Pringle*, 255 Conn. 330, 340, 766 A.2d 400 (2001). The actual contours of what constitutes a claim under the statute have been discussed by the Connecticut Supreme Court. *See e.g., Sanzone v. Bd. of Police Comm'r.*, 219 Conn. 179, 192, 592 A.2d 912 (1991). Therefore, this court, following state pre-

cedent, will determine whether the Complaint alleges facts which constitute a violation of the defective highway statute. If such a violation exists, as a matter of law, then the court will decide whether the negligence claims can lie against the defendants given the holding in *Ferreira*. The court finds, therefore, that there is no novel issue of state law presented in this case. Nor is there a complex issue such that the court could find that exercising jurisdiction would offend the principles of comity. Therefore, the court finds that asserting supplemental jurisdiction over the Town Defendants is appropriate in this case.

### 3. Article III

The Town Defendants also make the additional argument that pendent party jurisdiction is not permitted under Article III. Subject matter jurisdiction requires both congressional authorization and constitutional power. In essence, the Town Defendants argue that Congress overstepped its power when conferring such jurisdiction through § 1367(a). The court declines to rule that pendent party jurisdiction offends the tenants of Article III. Traditionally, Article III has been interpreted broadly, allowing Congress to confer supplemental jurisdiction. *Osborn v. Bank of the United States*, 22 U.S. 738, 9 Wheat. 738, 6 L.Ed. 204 (1824) ("We think, then, that when a question to which the judicial power of the Union is extended by the constitution, forms an ingredient of the original cause, it is in the power of Congress to give the Circuit Courts juris-

diction of that cause, although other questions of fact or of law may be involved in it."). In *United Mine Workers v. Gibbs*, the Supreme Court confirmed this expansive reading of Article III by holding that Article III extends jurisdiction to "cases" and "controversies" and not only to individual claims. Therefore, related claims fall within the jurisdictional grant of Article III, even if those claims do not have an independent basis for federal jurisdiction. 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). While *Gibbs* arose in the context of pendent claim jurisdiction, the underlying interpretation of Article III has been extended to ancillary and pendent claim jurisdiction. Most circuits, including the Second Circuit have allowed for pendent party jurisdiction, following the amendments to § 1367(a), thus implicitly recognizing that Article III can be interpreted to confer such jurisdiction.[1] In addition, the Supreme Court has allowed such jurisdiction in the ancillary jurisdiction context without indicating that there was any constitutional infirmity under Article III. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). Therefore, the court declines to grant the defendants' motion on the grounds that pendent party jurisdiction violates Article III, finding that the federal courts have a long history of exercising such jurisdiction and that it conforms to the recent holdings in the Second Circuit.

## III. CONCLUSION

The court denies defendants' motion to dismiss brought pursuant to 12(b)(1), find-

---

**1.** Only the Ninth Circuit has held that pendent party jurisdiction may be constitutionally impermissible under Article III. *Ayala v. United States*, 550 F.2d 1196 (9th Cir.1977). Lower courts in the circuit have reluctantly followed the holding, *see e.g., Mendoza v. Zirkle Fruit Co.*, 2000 WL 33225470 (E.D.Wash. 2000); however, these decisions note that the

Ninth Circuit has never expressly explained the nature of the constitutional problem presented by such jurisdiction. *Id.* The Ninth Circuit's position is contrary to the history of allowing this type of jurisdiction and is contrary to the holdings in the Second Circuit regarding the availability of pendent party jurisdiction.

ing that the exercise of supplemental jurisdiction over the state law claims is appropriate.

**SO ORDERED.**