EDWARD O'NEIL *vs.* THE CITY OF NEW HAVEN.

Third Judicial District, New Haven, June Term, 1907.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

Under a complaint alleging the neglect of a municipality to perform a duty which it owed to the plaintiff as a traveler upon one of its highways, no recovery can be had if it appears that at the time of the injury the plaintiff had voluntarily departed from the traveled way for a purpose unconnected with his passage over the highway.

A cause of action must be alleged as well as proved in order to justify a recovery upon it.

Argued June 7th—decided July 30th, 1907.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to and heard in damages by the Superior Court in New Haven County, *George W. Wheeler, J.;* facts found and judgment rendered for nominal damages only, and appeal by the plaintiff. *No error.*

The complaint contains two counts. Upon the second

the plaintiff did not claim to recover below. The first alleges, in substance, that the plaintiff, while a traveler upon one of the highways in the defendant city, received personal injuries by reason of its being out of repair and in a defective and dangerous condition, in that certain platform scales within its limits were " old, worn out, and in want of repair, and were not safe to be used as a part of the said highway," as the defendant well knew, or by the exercise of due care should have known.

The finding discloses that two streets meet one another near the place of accident at an acute angle. Between them and near their junction is a public park which does not extend to the point where the converging curb lines of the two streets would meet if continued. The space between the end of the park and this point is paved with broken stone and has upon it a flag pole at its outer end, and nearer the park a drinking tank for horses, and platform scales designed for weighing heavy teams and loads of merchandise. The platform was about 16 feet by 10 feet in dimensions, built of planks and placed substantially on a level with the surrounding pavement. It was situated, as was the whole of the triangular piece of land, between the park and the point where the extended curb lines converged, within the highway limits, and it was physically possible for persons using the highway to drive across it. Its location, however, was without that portion of the highway maintained for travel, was such that no traveler would knowingly and intentionally make use of it as a part of the highway, and travelers upon the highway did not in fact use it as a part thereof.

The scales were owned and operated for hire by private parties. Upon several occasions, however, they had been used without charge by the agents of the city, and such was their use at the time in question. At that time the city was carting crushed stone for use upon its streets, the work being under the direction of the assistant superintendent of streets. The plaintiff with his two-horse cart was employed to do such cartage, and it was a part of his

duty to stop en route and have his loads weighed at the scales.   Upon one of his trips he had left the traveled part of the street and driven upon the platform preliminary to being weighed, when, as he sat upon his seat, the platform gave way, with the result that h'e was thrown from his seat and received the injuries for which suit was brought.

The platform was at the time out of repair, in some manner undisclosed by the evidence, and was not safe for use for heavy loads.   Upon the morning of the day in question it had been discovered that one corner of the platform was sagging, and thereupon the manager of the owner had ordered the scales closed.   The assistant superintendent of streets having learned of this, visited the scales, examined them to see that they weighed correctly, but made no other examination, and ordered their use to be continued.   Shortly thereafter the plaintiff, whose attention had not been called to the condition of the scales, drove upon them in pursuance of his orders, with the result described.

*Walter J. Walsh*, for the appellant (plaintiff).

*Leonard M. Daggett*, for the appellee (defendant).

PRENTICE, J.   The delict charged against the defendant as the basis of recovery upon the one count pursued, was its failure to perform the duty which it owed to him as a traveler upon one of its highways.   *Bartram* v. *Sharon*, 71 Conn. 686, 694, 43 Atl. 143 ; *Knapp & Cowles Mfg. Co.* v. *New York, N. H. & H. R. Co.*, 76 Conn. 311, 316, 56 Atl. 512.   At the time of the receipt of his injury he was not such a traveler.   He had voluntarily departed from the traveled way, and turned aside from his journey for a purpose in no way connected with his passage over the highway.   The fact that he had but shortly before been using the street for travel, and intended to soon resume his passage over it, made him no more a traveler thereon than he would have been had his digression for an independent

purpose been of longer duration and intended to be longer continued.   This fact was conclusive against his right to recover substantial damages.

It is urged that the defendant may incur a common-law liability arising from some wrongful act, and that facts justifying a judgment for this cause appear in the evidence. Such a cause of action, however, was neither set up nor admitted by the default.   Recovery, therefore, could not be had upon it.   *Whiting* v. *Koepke*, 71 Conn. 77, 40 Atl. 1053.

There is no error.

In this opinion the other judges concurred.