[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff alleges that he was injured on September 10, 1990 as he exited his vehicle "when he was caused to fall on a damaged and depressed section of the asphalt curb located between and separating the public sidewalk and parking lot at 167 Cedar Street, Norwalk . . . ." The plaintiff asserts a defective highway claim pursuant to General Statutes 13a-149 against the defendant City of Norwalk.
On May 6, 1993, the City filed a motion for summary judgment on the plaintiff's defective highway claim, and argues: (1) that13a-149 is inapplicable to the present case because it applies only to defects in a highway; and (2) that the City's alleged negligence was not the sole proximate cause of the plaintiff's injuries. The City also filed a supporting memorandum of law and the affidavit of Peter Romano, Principal Engineer with the City of Norwalk's Public Works Department. On July 20, 1993, the plaintiff filed a memorandum in opposition to the City's motion, along with the plaintiff's affidavit and the plaintiff's responses to the City's request for admissions. The City filed a supplemental memorandum of law in support of its motion for summary judgment, along with the affidavit of Dominick DiGangi, the Director of Public Works for the City of Norwalk.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Lees v. Middlesex Insurance Co., 219 Conn. 644,650, 594 A.2d 952 (1991). Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion. Mingachos v. CBS, Inc., 196 Conn. 91, 111, 491 A.2d 368 (1985). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781,595 A.2d 334 (1991).
General Statutes 13a-149 provides in pertinent part that "[a]ny person injured . . . by means of a defective road or bridge may recover damages from the party bound to keep it in repair." The word "road" as used in the statute has been construed to include a sidewalk. Hornyak v. Town of Fairfield, CT Page 10386135 Conn. 619, 621, 67 A.2d 562 (1949). A highway defect includes "`[a]ny object in, upon or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result . . . .'" Sanzone v. Board of Police Commissioners, 219 Conn. 179, 202,592 A.2d 912 (1991), quoting Hewison v. New Haven, 34 Conn. 136, 142
(1867). However, highway defects must be distinguished "from those objects `which have no necessary [connection] with the road bed, or the public travel thereon, and which may expose a person to damage, not as a traveler, but independent of the highway . . . .'" Sanzone, supra, 202, quoting Hewison, supra, 143. A plaintiff has no cause of action against a municipality for injuries sustained where the plaintiff voluntarily departs from the highway "for a purpose in no way connected with his passage over the highway." O'Neil v. New Haven, 80 Conn. 154,156-57, 67 A. 487 (1907).
In the affidavit filed in support of the City's motion for summary judgment, Dominick DiGangi, the Director of Public Works states that the City did not install or give permission to any one to install the subject curb; the subject curb was not owned, controlled or possessed by the City and is not part of the City's highway or sidewalk system and the City has no duty to maintain or repair the subject curb.
The plaintiff has not presented any evidence which would raise a genuine issue of material fact as to any of the statements contained in the City's supporting affidavit.
In the present case, it is not disputed that the plaintiff had pulled his vehicle off the highway for the purpose of making a delivery just prior to the time that he allegedly-sustained his injuries. It is not disputed that the plaintiff was injured when he stepped onto a curb which separated the public sidewalk from a parking lot located on privately owned land. The plaintiff had left the traveled path at the time that he had allegedly sustained his injuries, as there is no question that the subject curb was not part of the City's highway or sidewalk system. The plaintiff an employee of a delivery service at the time he exited his truck was in no way in the course of using the highway for the purpose of traveling upon it. He was however upon the property of an adjacent land owners for the purposes of his employer. CT Page 10387
Accordingly, there are no genuine issues of material fact which demonstrate that the defendant, City of Norwalk's motion for summary judgment should be and is granted.
Raymond W. Ganim for plaintiff.
Norwalk Corporation Counsel for defendant.