[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
Pursuant to Practice Book § 10-31(a) (1), the defendant, Homestead Health Center, Inc., moves to dismiss the complaint, asserting that the court lacks subject matter jurisdiction over the present action. The court grants the defendant's unopposed motion.
"A motion to dismiss shall be used to assert lack of jurisdiction over the subject matter, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Kizis v. Morse DieselInternational, Inc., 260 Conn. 46, 51, 794 A.2d 498 (2002). "Where . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." Ferreira v. Pringle, 255 Conn. 330,346, 766 A.2d 400 (2001). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. (Internal quotation marks omitted.) Haigh v.Haigh, 50 Conn. App. 456, 460, 717 A.2d 837
(1998).
The plaintiff, Lillian Montgomery, is the administratrix of the estate of the decedent, Verna Purdue. The decedent was admitted to the defendant's nursing home on March 26, 1999; subsequently, as a result of serious bodily injuries purportedly caused by the defendant's alleged negligent and reckless conduct, the decedent passed away on July 23, 1999. The plaintiff commenced this malpractice action by serving process on the defendant's agent on February 26, 2001.[1]
On September 13, 1999, Vencor, Inc., and 129 of its affiliates (the debtors), which includes the defendant, filed voluntary petitions for CT Page 395 bankruptcy protection under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. In the course of the debtors' Chapter 11 proceedings, by order dated December 1, 1999, the Bankruptcy Court fixed January 7, 2000 (the bar date), as the last date by which all claims against the debtors were to be filed. (Defendant's Memorandum, Exhibit A, Affidavit of Beata Gocyk-Farber, June 8, 2001). By order dated March 16, 2001, the debtors' reorganization plan (the plan) was confirmed, and on April 24, 2001, the plan became effective. Id. The fact that the plaintiff did not file proof of claim is uncontested. (Defendant's Memorandum, Exhibit B).
The Bankruptcy Code defines "debt" as a "liability on a claim."11 U.S.C. § 101 (12). The definition of "claim" in the Bankruptcy Code is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101 (5) (A). "By this broadest possible definition . . . [of the term claim, the Bankruptcy Code] contemplates that all legal obligations of the debtor, no matter how remote or contingent, will be able to be deal with in the bankruptcy case." (Internal quotation marks omitted.) Lighttowler v. Continental InsuranceCo.. 255 Conn. 639, 649, 769 A.2d 49 (2001).
Section 1141, which governs the effect of a bankruptcy court's confirmation plan on creditors and debtors, provides in relevant part: "the confirmation of a plan discharges the debtor from any debt that arose before the date of such confirmation . . . whether or not a proof of the claim based on such debt is filed or deemed filed under section 501 of this title; (ii) such claim is allowed under section 502 of this title; or (iii) the holder of such claim has accepted the plan . . ."11 U.S.C. § 1141 (d) (1).
The plain language of § 1141(d) and Article XI, section 11.01 of the plan, as incorporated in the confirmation order, coupled with the fact that the plaintiff has not submitted any evidence that shows that a proof of claim was filed appropriately, confirms that the defendant's liability for any negligent or reckless conduct has been discharged by order of the Bankruptcy Court, thereby divesting this court of jurisdiction.[2]
Notwithstanding, 28 U.S.C. § 1334 (b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Moreover, the United States Supreme Court has consistently stated that "Congress intended to grant comprehensive CT Page 396 jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate. . . . Celotex Corp. v. Edwards, 514 U.S. 300, 307, 115 S. Ct 1493,131 L.Ed.2d 403 (1995).
 Based on the foregoing, the defendant's motion to dismiss is granted. So Ordered.
 ___________________ D'ANDREA, J.T.R.