[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action comes before the court on the defendant's motion to strike the plaintiffs complaint. The plaintiff, Jean Smigala, brought this action against the defendant, the town of Brookfield, in nuisance for injuries she allegedly sustained after falling due to a defective and dangerous road condition. According to the complaint on July 6, 2000, the plaintiff parked her vehicle in front of 20 Brookfield Meadow in Brookfield, Connecticut. After she exited the vehicle and was walking toward the premises, she tripped on a defective catch basin and was injured. Prior to filing this action, the plaintiff filed a virtually identical action against the town in which she alleged claims for negligence and breach of statutory duty, under General statutes §13a-149, the defective highway statute, as opposed to nuisance. This court, Hiller, J., granted the defendant's motion to dismiss that action on the basis that the plaintiffs notice was wholly inadequate.
The plaintiff brought the current action on February 1, 2002. The defendant moved to dismiss, claiming the plaintiffs exclusive remedy was the defective highway statute and that the plaintiff had not given it proper notice under that statute. This court, White, J., denied that motion, finding that a motion to dismiss was the improper procedural vehicle for attacking the legal sufficiency of the allegations of a complaint, and the defendant then filed this motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp. , 240 Conn. 576, 580, 693 A.2d 293
CT Page 957 (1997).
"A town is not liable for highway defects unless made so by statute. . . . Section 13a-149 affords a right of recovery against municipalities. . . . Under § 13a-149, [a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . [Under] § 52-557n, . . . in an action against a municipality for damages resulting from a highway defect, the defective highway statute is the plaintiffs exclusive remedy." (Citations omitted; internal quotation marks omitted.) Ferreira v. Pringle,255 Conn. 330, 341, 766 A.2d 400 (2001), see also Sanzone v. Board ofPolice Commissioners, 219 Conn. 179, 192, 592 A.2d 912 (1991).
"[A] highway defect is [a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result. . . ." (Internal quotation marks omitted.) Id. at 342. A municipality's duty under the statute "extends to pedestrian travel as well as to vehicular traffic. . . . To fall within the statute, a plaintiff is not obligated to remain seated in a vehicle proceeding on the highway, . . . rather, [a] person must [simply] be on the highway for some legitimate purpose connected with travel thereon. . . . Nor does the defect have to be on the actual traveled portion of the highway." (Citations omitted; internal quotation marks omitted.) Ferreira v. Pringle, supra, 255 Conn. 342-43. "[The] court must look to the facts alleged and determine if a highway-defect is being alleged. . . ." (Internal quotation marks omitted.) Whitfield. PPAv. Enfield, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV 97 0572428 (March 10, 1998, J. Teller). Looking to the complaint it, is noted that the plaintiff alleges that she parked her car on a city street, exited the car and proceeded to trip over the catch basin, falling and severely injuring herself The plaintiff herself alleges that the defect in the catch basin at the edge of the road constitutes a dangerous and defective condition of the roadway.
Therefore, General Statutes § 13a-149 is the plaintiffs exclusive remedy for injuries she allegedly suffered. Accordingly, the plaintiffs nuisance claim is not a claim upon which relief can be granted and the defendant's motion to strike the complaint is granted.
 ___________________ White, J.
CT Page 958