[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (#136)
The plaintiff, Marie Donohue (Donohue), filed a four-count amended complaint (the complaint) on August 10, 1998, against the Town of Greenwich (the Town) and Metro-North Commuter Railroad (Metro-North), seeking damages for injuries she sustained when she allegedly fell while walking on a platform at the Greenwich train station. Donohue alleges that her fall was caused by a large gap in the concrete slabs that form the platform. Counts one through three are brought against the Town: count one alleges a cause of action under General Statutes § 13a-149, the highway defect statute; count two alleges negligence; and count three alleges nuisance. Count four sounds in negligence and is brought against Metro-North.
On September 4, 1998, the Town filed a motion to strike counts two and three on the ground that these counts are legally insufficient. The Town argues that General Statutes § 13a-149, which is raised in count one, is the exclusive remedy against a municipality for claimed defective conditions on a sidewalk, therefore, Donohue cannot also maintain an action against the Town in negligence and in nuisance.
Although Donohue does not contest the Town's legal argument that she cannot recover under all three causes of action, she objects to the Town's motion based her ability to plead in the alternative. Donohue also argues that the Town's motion to strike counts two and three should be denied because it is not clear at this time whether the defective platform upon which she allegedly fell can be construed as a highway defect for purposes of General Statutes § 13a-149.
A motion to strike challenges the legal sufficiency of the complaint.Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). For purposes of this motion to strike the court "must take as true the facts alleged in the . . . complaint and must construe the complaint in the maimer most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269,270, 709 A.2d 558 (1998). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . It is fundamental that in determining the sufficiency of a complaint CT Page 11524 challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Citations omitted; internal quotation marks omitted.) Gazov. Stamford, supra, 255 Conn. 260.
General Statutes § 13a-149, the highway defect statute, provides, in part, that, "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." An action brought under General Statutes § 13a-149 is a plaintiff's exclusive remedy. Ferreira v. Pringle, 255 Conn. 330, 341,766 A.2d 400 (2001). See also § 52-557n. "Whether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law which may be determined on a motion to strike." Sanzonev. Board of Police Commissioners, 219 Conn. 179, 201, 592 A.2d 912
(1991).
The court recognizes that the issue of whether the defective railroad platform constitutes a highway defect for purposes of General Statutes § 13a-159 "is a question of law which may be determined on a motion to strike." (Emphasis added.) Id.[1] While mindful that Donohue cannot recover under all three of the causes of action raised in her complaint, the court, at this time, will permit Donohue to plead in the alternative, pursuant to Practice Book § 10-25. "Under our pleading practice, a plaintiff is permitted to advance alternative and even inconsistent theories of liability against one or more defendants in a single complaint." Danko v. Redway Enterprises, Inc., 254 Conn. 369,379, 757 A.2d 1064 (2000).
Because it is unclear at this time whether the condition complained of is, as a matter of law, covered by the highway defect statute, counts two and three are sufficiently pleaded and the Town's motion to strike is denied.
By the Court,
Kevin E. Booth Judge of the Superior Court