[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT OF THE MUNICIPAL EMPLOYEES
The individual municipal employees of the Town of Windham have moved for summary judgment on the grounds that the claims of the plaintiffs are barred by the exclusivity of the Highway Defect Statute, C.G.S. §13a-149; that they lacked the control of the premises which would be necessary to give rise to a duty to act; and that they are protected by discretionary governmental immunity. On July 14, 2000, this court addressed these precise issues in a memorandum of decision on the defendants' motion to strike. With respect to the issues of control and immunity, the defendants have not offered any valid reason for the court to reconsider its ruling. The defendants have, however, offered new law regarding the highway defect statute which, they argue, requires that summary judgment be entered in their favor.
The plaintiffs argue that the law of the case doctrine mandates denial of the present motion for summary judgment. "Where a matter has been previously decided in an interlocutory ruling, the court in a subsequent CT Page 13242 proceeding in the case may treat that decision as the law of the case, if he is of the opinion that the issue was correctly decided in the absence of some new or overriding circumstance." Campbell v. Romaine, Superior Court, J.D. of Stamford/Norwalk at Stamford, Docket No. 144241 (March 31, 1998) (D'Andrea, J.). A change or new development in the law is an overriding circumstance which warrants reconsideration of the decision on the motion to strike.
In this case, the plaintiffs have brought suit against the defendants in their official capacity for failure to install safety gates or signs and failing to adopt safety procedures in connection with the grade crossing, thereby allegedly making the crossing unsafe and causing the fatal collision. Initially, the plaintiffs had also brought a claim against the Town of Windham but that claim was stricken because the plaintiffs did not bring suit pursuant to C.G.S. § 13a-149, which is the exclusive remedy against the municipality. The motion to strike was denied as to the individual municipal employees because there was no appellate authority addressing § 13a-149 and direct claims against municipal employees. That has changed.
The plaintiffs allege that the claims against the municipal employees arise out of their failure to carry out their jobs rather than a highway defect. However, it is not the failure to do their jobs that gives rise to a cause of action, but the consequence of an allegedly defective highway. It is clear here that the plaintiffs' claims arise out of the defendants' conduct in the course of their employment. Subsequent to this court's memorandum of decision on the motion to strike, the Connecticut Supreme Court decided Ferreira v. Pringle. In that case, the plaintiff sought to recover for injuries sustained when he fell into the roadway and was run over by a public bus. The plaintiff brought suit against various municipalities and town officials but did not make a claim under C.G.S. § 13a-149, the defective highway statute. Justice Katz affirmed the trial court's decision that the highway defect statute was the plaintiffs exclusive remedy against the towns and their officials and that the plaintiff could not make a claim directly against the municipal officers which was in reality a claim for defective highway. The Court refused to separate the municipality from its employees insisting that the allegations against the employees were asserted for the purpose of imposing liability on the town. The Court found that "the claims asserted against the defendants in their individual capacities serve as a veiled attempt to impose liability on the municipality." Ferreira v. Pringle,255 Conn. 330, 334 (2001). Ferreira stands for the proposition that where the highway defect statute is triggered by the underlying factual allegations, it is the exclusive remedy against not only the municipality, but also for its employees who are acting in their official capacity. As in Ferreira, it is clear that the allegations against the CT Page 13243 defendant in this case are being asserted as a basis for imposing liability on the town. Therefore, the plaintiffs' exclusive remedy against either the municipality or its employees is an action pursuant to the highway defect statute. see Ferreira at 353. Since the plaintiffs have not brought suit under C.G.S. § 13a-149, the motion for summary judgment is granted as to the seventh, eighth and tenth counts of the complaint.
BISHOP, J.