******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

LONGVIEW ESTATES, LLC *v.* WILLIAM
WOODIN ET AL.
(AC 35383)

Beach, Alvord and Flynn, Js.

*Argued December 4, 2013—officially released April 22, 2014*

(Appeal from Superior Court, judicial district of
Windham, geographical area number eleven, Cole-
Chu, J.)

*Richard S. Cody*, for the appellant (town of Can-
terbury).

*Thomas T. Lonardo*, with whom was *Colin P. Mahon*,
for the appellee (plaintiff).

*Opinion*

BEACH, J. The town of Canterbury (town) appeals from the judgment of the trial court, which granted the motion of the plaintiff, Longview Estates, LLC (Longview), to convey title to a certain mobile home pursuant to General Statutes § 21-80 (e).[1] The town claims that the court erred in determining that statements made by Longview in its disclosure of defenses in a separate foreclosure action did not constitute a waiver of Longview's right in the present action to recoup the costs as a first priority from the sale of the mobile home pursuant to § 21-80 (e) (4). We affirm the judgment of the trial court.

In May, 2012, the town commenced an action to foreclose a tax lien against William Woodin and Melody Woodin (Woodins), the owners of a mobile home in Canterbury (foreclosure action).[2] The town also named as a defendant Longview, which owned the mobile park in which the mobile home was located.[3] In June, 2012, Longview filed a disclosure of defenses (disclosure) in the foreclosure action asserting that it was not properly a party to that action because the town was "attempting to foreclose a lien for unpaid taxes against a mobile home, in which [Longview] ha[d] no legal or equitable interest." The town later withdrew its foreclosure action.

Meanwhile, in March, 2012, Longview served the Woodins with notices to quit possession of the mobile home by April 24, 2012, because of an alleged failure to pay rent for the underlying lot on which the mobile home was situated. In April, 2012, Longview commenced the present summary process action against the Woodins. Longview filed a motion for default for the Woodins' failure to appear and a motion for judgment of possession, which motions were granted. In June, 2012, Longview sought an order of execution, which order was obtained June, 2012. On August 20, 2012, following the town's withdrawal of its foreclosure action, Longview filed a "petition for finding of abandonment and for order of public sale" of the mobile home. The petition stated that a judgment of possession had been rendered against the Woodins pursuant to § 21-80 and that for at least nine months no rent or other payment for use and occupancy had been received for the lot on which the mobile home was situated, and that the mobile home had been unoccupied since at least June 11, 2012. Longview requested the court to make a finding that the mobile home had been abandoned and to order that Longview may conduct a public sale of the mobile home. The town filed an objection[4] to Longview's petition for an order of public sale to the extent that a sale would extinguish the town's municipal real estate tax liens against the mobile home property.[5] The town argued that Longview had waived its statutory right under § 21-80 (e) to sell the mobile home and

potentially to extinguish municipal tax liens because it had judicially admitted in its disclosure of defenses in the foreclosure action that it "had no legal or equitable interest" in the mobile home.

In its memorandum of decision, the court found that Longview's disclaimer in the foreclosure action did not constitute a waiver of Longview's right to recover from the sale proceeds its costs arising from the sale of the mobile home. The court granted Longview's petition for a finding of abandonment and for an order of public sale of the mobile home. A public sale of the mobile home was held on December 8, 2012. On December 24, 2012, pursuant to § 21-80 (e) (4), Longview filed a motion for conveyance of title and release of liens. On the same day, the court granted the motion, thus transferring title and, pursuant to § 21-80 (e) (4), releasing and extinguishing all liens encumbering the title to the mobile home. This appeal followed.

The town argues that the court erred in finding that there was no waiver because "when [Longview] unequivocally stated [in the tax lien foreclosure action] that it had 'no legal or equitable interest' in the mobile home, it could not have been more clear, nor more absolute. . . . '[N]o legal or equitable interest' means no legal or equitable interest whatsoever . . . ." The town argues that trial court erred when it interpreted the phrase "no legal or equitable interest" in Longview's disclosure to mean "no legal or equitable interest except the 'right to recover its cost of selling the mobile home pursuant to § 21-80 (e).' " We conclude that the court correctly determined that Longview's disclosure did not constitute a waiver of Longview's right to recoup the cost of sale under § 21-80 (e) (4).

At the crux of the town's claim are the interpretation and effect of Longview's disclosure of defense. "The interpretation of pleadings is always a question of law for the court . . . . Our review of the trial court's interpretation of the pleadings therefore is plenary. . . . [T]he modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically." (Citation omitted; internal quotation marks omitted.) *Grenier* v. *Commissioner of Transportation*, 306 Conn. 523, 536, 51 A.3d 367 (2012). "Waiver is the intentional relinquishment or abandonment of a known right or privilege. . . . As a general rule . . . statutory . . . rights and privileges may be waived." (Internal quotation marks omitted.) *Hopkins* v. *Balachandran*, 146 Conn. App. 44, 57, 76 A.3d 703 (2013).

Section 21-80 (e) (4) provides in relevant part that if the court determines that the prerequisites of the statute have been satisfied, including that the mobile manufactured home has been abandoned, then "the court shall order *the owner of the mobile manufactured home park* to conduct a public sale of the home. . . . [T]he sale

will extinguish all previous ownership and lien rights. . . . *The proceeds of such sale shall be applied first to the costs of the sale and then to the payment of lienholders in the order of priority of their liens.* If proceeds remain thereafter they shall be paid over to the owner of the mobile manufactured home. . . . The court, upon finding compliance with its order, shall issue a conveyance of title and release of liens, if any, to the purchaser for filing in the land records, which shall constitute good title to the home . . . ." (Emphasis added.)

"The plain meaning of the language of § 21-80 (e) (4) . . . clearly and unambiguously indicates that the legislature intended to provide the successful bidder at a public sale conducted pursuant to that statute with clear and good title to the abandoned mobile home, free from any and all encumbrances, including municipal tax liens." *Fairchild Heights, Inc.* v. *Amaro*, 293 Conn. 1, 9–10, 976 A.2d 668 (2009). "[Section] 21-80 (e) was enacted, with broad support from the mobile manufactured home industry, consumer groups and municipalities, to address an increasing number of mobile homes that had been abandoned by their owners and left to decay in the park in which they were located, thereby deteriorating the condition of the park and decreasing the value of the other residents' homes. . . . Prior to the enactment of § 21-80 (e), a park owner's only legal remedy under such circumstances was to initiate a summary process action against the mobile home owner pursuant to General Statutes § 47a-23 et seq., and ultimately to move the mobile home to the street for removal by the municipality pursuant to General Statutes § 47a-42. . . . This process, however, was unwieldy and problematic, due in large part to the inability and unwillingness of many municipalities to remove and dispose of the abandoned mobile homes. . . . Accordingly, it is clear that § 21-80 (e) was enacted, as an alternative to the existing summary process eviction procedure, to create a process by which the home can be found to be abandoned, its sale permitted, and a clear title to the home can be obtained." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Fairchild Heights, Inc.* v. *Amaro*, supra, 293 Conn. 12–14.

Longview's disclosure of defense, in which it disclaimed "any legal or equitable interest" in the mobile home, was not inconsistent with its statutory ability under § 21-80 (e) (4) to recoup the costs of the public sale. Longview stated in the disclosure that "[the town] is attempting to foreclose a lien for unpaid taxes against a mobile home, in which [Longview] has no legal or equitable interest . . . . The taxes being foreclosed are assessed against the mobile home only, and are not a lien against the underlying lot or land owned by [Longview]." The expression of a lack of interest in the mobile home was made by Longview in the context of

a foreclosure proceeding. Longview in fact did not have a lien on the mobile home. Longview's disclosure in the foreclosure action had nothing to do with the later-arising cost of the sale in the § 21-80 (e) petition. The disclosure is given a realistic interpretation. See *Grenier* v. *Commissioner of Transportation*, supra, 306 Conn. 536 (pleadings are to be construed broadly and realistically). It disclaimed any interest in the home *at the time* of Longview's disclosure in June, 2012, rather than any interest it may later acquire. As of June, 2012, the time of its disclosure, Longview had not yet incurred costs related to the public sale. Longview did not file its petition for a finding of abandonment and public sale until August, 2012. Any "interest" Longview had regarding the public sale of the mobile home neither existed nor was definitively known at the time of Longview's disclosure in the foreclosure case. The disclosure could not have constituted a waiver of its right to recoup the cost of the public sale because one can waive only a *known* right.[6] See *Bank of New York* v. *Bell*, 120 Conn. App. 837, 853, 993 A.2d 1022 ("[w]aiver is the intentional relinquishment or abandonment of a known right" [internal quotation marks omitted]), appeal dismissed, 298 Conn. 917, 4 A.3d 1225 (2010). Additionally, Longview's cost of sale realistically did not constitute an interest in the mobile home in any sense material to this case. Therefore, its disclosure did not, and could not have constituted a waiver of its statutory privilege to collect the cost of sale. Further, Longview's disclosure was made in the context of a separate action—a withdrawn foreclosure action—thus it was not binding in the present case; at most it was an evidential admission. See *Ferreira* v. *Pringle*, 255 Conn. 330, 345, 766 A.2d 400 (2001) ("statements in withdrawn . . . pleadings . . . may be considered as evidential admissions by the party making them" [emphasis omitted; internal quotation marks omitted]). The trial court clearly viewed the disclosure as not intending to waive any potential and presently inchoate rights to reimbursement for the cost of the sale.

The town also argues that there is a strong policy favoring the collection of municipal taxes. The plain language of § 21-80 (e) (4), however, sets the mobile park owner's recoupment of the cost of sale as a priority over lienholders, including municipalities. "That is not to say that municipal tax liens that are subject to [General Statutes] § 12-172 lose their priority over other liens prior to their extinguishment [under § 21-80 (e) (4)]. In the event that there are proceeds left over from the sale after the costs have been paid, for example, municipal tax liens maintain their priority over other liens, and those proceeds must first be applied to satisfy any outstanding municipal tax liens. See General Statutes § 21-80 (e) (4) ('[t]he proceeds of such sale shall be applied first to the costs of the sale and then to the payment of lienholders in the order of the priority of

their liens'). When . . . no proceeds are left over after the sale, however, the language of § 21-80 (e) (4) clearly and unambiguously provides that municipal tax liens are extinguished in the same manner as all other liens." (Emphasis omitted.) *Fairchild Heights, Inc.* v. *Amaro*, supra, 293 Conn. 10 n.9.

For the foregoing reasons, the court properly determined that Longview's statements in its disclosure in the foreclosure action did not constitute a waiver of its rights under § 21-80 (e) (4) to recoup the costs of a public sale of the mobile home in the present action.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The defendants, William Woodin and Melody Woodin, were the owners of the mobile home but are not parties to this appeal. Pursuant to § 21-80 (e) (3), the plaintiff sent notice of its petition for a finding of abandonment and for order of public sale to the town, Associated Dental Care, LLC, William W. Backus Hospital, Windham Hospital, and Midland Funding, LLC. Only the town appealed.

[2] The foreclosure complaint also named as defendants the following entities, which the town claimed had junior encumbrances: Associated Dental Care, LLC, William W. Backus Hospital, Windham Hospital, and Midland Funding, LLC.

[3] The town had named Longview as a defendant in the foreclosure complaint and alleged that Longview may have had a security interest in the mobile home; the complaint stated that Longview's interest, as a junior encumbrancer, was the "[i]nterest, if any, of William C. Woodin and Melody A. Woodin in and to the Mobile Home Park known as Longview . . . ."

[4] Although not initially a party to the summary process action, the town received notice of the petition pursuant to § 21-80 (e) (3).

[5] Pursuant to § 21-80 (e) (4), the proceeds of such a sale are applied first to cover the costs of the sale, then to payment to lienholders in order of priority, and finally, if proceeds remain, to the owner of the mobile home. After the proceeds have been distributed, liens are extinguished. In the event that all of the proceeds cover only the cost of the sale, then, all liens would be extinguished without payment.

[6] The town makes additional arguments regarding, inter alia, its alleged reliance on the disclosure when withdrawing its foreclosure action, and certain findings and rationale of the court. These additional arguments are not material to the issue of waiver.